## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**TIFFINY RAE YORK**                                                      **PLAINTIFF**

**VS.**                                              **4:04CV00910**

**DILLARD'S DEPARTMENT STORE, et. al.**                          **DEFENDANT**

### ORDER

Pending is Defendant's motion for summary judgment.  (Docket # 23).  Plaintiff has

responded and Defendant has filed a reply.  For the reasons set forth herein, Defendant's motion

is granted.


Facts

Plaintiff Tiffiny York worked part-time for Liz Claiborne, Inc. in Dillard's Park Plaza and

McCain Mall stores as a fragrance model beginning in April 2002.  Prior to working for Liz

Claiborne, Plaintiff worked for Dillard's at the Lancome cosmetic counter at the end of 1999 and

the beginning of 2000.  Dillard's terminated Plaintiff from the Lancome cosmetic counter during

her first employment experience for giving a store employee a cosmetic sample.

On June 23, 2003, while working for Liz Claiborne, Plaintiff showed up for work at the

Park Plaza Dillard's store with a bandage covering her left eye.  Plaintiff told the employees that

she had been experiencing pain in her left eye and that her doctor believed that the fragrance she

worked with caused an eye irritation.  Plaintiff also told employees the pain in her eye was

related to a past case of shingles.  Plaintiff told employees that she knew the shingles were

contagious, but she was not contagious.  Before her shift ended that day, Jody from the Elizabeth

Arden counter at Dillard's told Plaintiff that "Cindy" at the Chanel counter was upset and

concerned that Plaintiff's condition was contagious.

Plaintiff alleges that the following day, June 24, 2003, when she arrived at work she was informed that Assistant Store Manager, Gil Espinosa was looking for her and asked that she come to his office. Plaintiff spoke with Espinosa later in the day about Dillard's employees questioning her condition. Espinosa apologized to her for the employees questions and asked her to get a doctor's statement to allay the employees' concerns.

On June 25, 2003, Plaintiff contacted her doctor and asked that a statement be faxed to Espinosa. Plaintiff returned to work on June 27, 2003. Upon her arrival, Store Manager Brant Musgrave and Cosmetic Sales Manager Jina Rankin approached Plaintiff to ask about her condition. Plaintiff claims that Musgrave approached her and said "I hear you have shingles." Plaintiff claims that she explained that she was not contagious and referred to the doctor's letter which had been sent. Plaintiff asked why she was being bothered about this matter. Plaintiff claims that Musgrave stated that Plaintiff was placing other employees at jeopardy, became upset and demanded that the Plaintiff leave the store. Plaintiff claims that she refused to go anywhere with Musgrave. Security was called to escort Plaintiff from the store.

Defendant alleges that when Musgrave approached Plaintiff on June 27, 2003 Plaintiff became loud, defensive and verbally abusive. Defendant claims that security was called after Plaintiff refused to leave the sales floor. The Plaintiff was terminated and banned from the store for being verbally abusive and disrespectful on the sales floor. Musgrave told Plaintiff that she was banned from the store because of her attitude not because of her condition.

Plaintiff alleges that she was banned from Dillard's because of her alleged disability. Plaintiff alleges that she is disabled because she has pain and no vision in her left eye. She also

2

claims that Dillard's regarded her as disabled because she at one time had shingles and store employees thought she was contagious. Plaintiff never informed Musgrave that she is visually impaired in her left eye. Plaintiff has a drivers license with no restrictions. Plaintiff operates a motor vehicle, however, she does not drive at night or in the rain.

Plaintiff filed a Charge of Discrimination against Dillard's with the Equal Employment Opportunity Commission ("EEOC") on July 21, 2003, alleging that she had been terminated because she is disabled in violation of the Americans with Disabilities Act. On May 29, 2004, Plaintiff received a notice of her rights from the EEOC. Plaintiff filed this suit on August 30, 2004. Defendant claims that summary judgment is proper at this time.

Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a

3

summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact.  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion.  Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue.  If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)).  Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

## Discussion

In order to establish a prima facie case of discrimination under the ADA[1], a plaintiff must demonstrate "that (1) he is disabled within the meaning of the ADA; (2)he is qualified to perform the essential functions of his job with or without reasonable accommodation; and (3) he suffered an adverse employment action under circumstances that give rise to an inference of unlawful discrimination based on disability." *Dropinski v. Douglas County, Neb.,* 298 F.3d 704, 706-07 (8th Cir.2002).   Once the Plaintiff makes a prima facie case, the Defendant must proffer a legitimate, nondiscriminatory reason for the adverse employment action.  *See, Kratzer v. Rockwell Collins, Inc.*, 398 F.3d 1040, 1044 (8th Cir. 2005).   If the Defendant proffers such a

---

[1]Plaintiff's disability claims pursuant to the Arkansas Civil Rights Act are analyzed using the same principles employed in analyzing claims under the Americans with Disabilities Act. *See Duty v. Norton-Alcoa Proppants*, 293 F 3d 481 (8th Cir. 2002).

reason, the Plaintiff must show that it is a pretext.  *Id*.

A plaintiff is disabled within the meaning of the ADA if she (A) has a physical or mental impairment that substantially limits one or more of her major life activities, (B) has a record of such an impairment, or (C) is regarded as having such an impairment. 42 U.S.C. § 12102(2) (2000).  "Seeing" has been recognized as a "major life activity."  29 C.F.R. §1630.2(i).

"Merely having an impairment does not make one disabled for purposes of the ADA. [Plaintiff] also need[s] to demonstrate that the impairment limits a major life activity." *Toyota Motor Mfg., Kentucky, Inc. v. Williams,* 534 U.S. 184, 195 (2002).  In order to determine if an impairment prevents or severely restricts Plaintiff from performing a major life activity the Court will consider (1) the nature and severity of the impairment; (2) the duration or expected duration of the impairment; and (3) the permanent or long term impact, resulting from the impairment.  29 C.F.R. §1630.2(j)(2).  Plaintiff argues that her disability prevents her from driving at night or in the rain, grocery shopping and cleaning.  Plaintiff's deposition testimony reflects that she drove herself to and from work while working both nights and weekends. Further, she possesses a drivers license without any restrictions.   Although Plaintiff's eyesight may be impaired, Plaintiff has not shown that she is substantially limited in seeing overall.  *See, Albertson's, Inc. v. Kirkingburg*, 527 U.S. 555 (1999) ( finding that a monocular individual, like others claiming the [ADA's] protection, must prove a disability by offering evidence that the extent of the limitation in terms of their own experience, is substantial).  Plaintiff specifically states in her responding pleadings that "once [she put a patch over her eye] she was able to work."   Plaintiff also complains of pain, however, her deposition testimony reflects that her pain is controlled with medication.  The Court finds that Plaintiff has failed to present sufficient

evidence to establish that the nature, duration and long-term impact of her medical problems caused her to be substantially limited in a major life activity.  *Aucutt v. Six Flags Over Mid-America, Inc.*, 85 F.3d 1311 (8th Cir. 1996).

Plaintiff also claims that Defendant regarded her as having a disability because she was believed to have shingles and that it was felt that she was contagious.   To establish a disability under the "regarded as" prong, Plaintiff must prove that she (1) has a physical or mental impairment that does not substantially limit major life activities but is treated by a covered entity as constituting such limitation; (2) has a physical or mental impairment that substantially limits major life activities only as a result of the attitudes of others toward such impairment; or (3) does not have a physical or mental impairment as defined in 29 C.F.R. §1630(h)(1) or (2), but is treated by a covered entity as having a substantially limiting impairment.  29 C.F.R. §1630.2(l).

Plaintiff has not presented evidence that this supervisor regarded her as limited in her physical abilities at the time she was terminated.  Plaintiff admits that she never told Musgrave that she was visually impaired in her left eye.  Further, even if the Court were to find that Musgrave believed Plaintiff suffered from a physical impairment at the time of her termination, the Court does not find evidence sufficient to show that the Defendant perceived or treated Plaintiff as being substantially limited in a major life activity.

For these reasons, the Court finds that Plaintiff has failed to present sufficient evidence establishing that her medical condition caused her to be substantially limited in a major life activity or that she was regarded as having such an impairment.   Plaintiff has failed to make a prima facie case of disability discrimination.

Wherefore,  Defendant's motion for summary judgment, docket # 23, is granted.  The

6

Clerk is directed to close the case.

IT IS SO ORDERED this 5th day of January, 2006.


_____
James M. Moody
United States District Judge